UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BAMBANG ARIFATMI                                    CIVIL ACTION

VERSUS                                              NO. 15-1101

LUCKY DRAGON, LLC d/b/a                             SECTION "R" (1)
GEISHA SUSHI BISTRO AND
XIUFEI ZHANG

## ORDER AND REASONS

Plaintiff Bambang Arifatmi moves the Court for summary judgment on his claim that defendant Lucky Dragon, LLC (d/b/a Geisha Sushi Bistro) willfully violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, by failing to pay Arifatmi minimum wage.[1] For the following reasons, the Court grants summary judgment on the issue of liability, but denies summary judgment on the issues of willfulness and damages.

## I.    BACKGROUND

From March 2011 to March 2015, plaintiff Bambang Arifatmi worked as a server in defendant Lucky Dragon, LLC's restaurant, Geisha Sushi

---

[1]    R. Doc. 11.

Bistro.[2]   During Arifatmi's employment, Lucky Dragon did not pay him minimum wage; Arifatmi was paid in tips only.[3]

According to Lucky Dragon, Arifatmi is the restaurant owner's friend.[4] While Arifatmi worked at Geisha Sushi Bistro, he was in the United States on an F-1 Student Visa, which requires the visa-holder to obtain authorization before working in the United States.[5]   Lucky Dragon admits that it did not pay Arifatmi minimum wage because Arifatmi "failed to secure the proper work authorization."[6]   According to the manager of Geisha Sushi Bistro, Arifatmi was the only server who did not receive a regular minimum wage.[7] Arifatmi also asked the manager "every . . . five [to] six months" why he did not receive a check like the other servers.[8]   Lucky Dragon argues that this

---

[2]    R. Doc. 11, Exhibits A-B, D-F (Hourly Summaries, 2011-2015); R. Doc. 11, Exhibit H at 3, Answer to Interrogatory No. 8 ("[P]laintiff was designated as a server.").

[3]    *See, e.g.*, R. Doc. 14-2 at 1 (Affidavit of Iva Octavia, co-owner of Lucky Dragon, LLC) ("We allowed the plaintiff to work and he was compensated via tips earnings.").

[4]    *Id.*

[5]    *Id.*

[6]    *Id.*

[7]    R. Doc. 11, Exhibit C, at 65-66 (Deposition of Anthony Taylor, manager of Geisha Sushi Bistro).

[8]    *Id.* at 64.

was a "practical" arrangement to help the restaurant owner's friend while he was in school and that Lucky Dragon thought it had complied with the Act.[9]

After Arifatmi stopped working at Geishi Sushi Bistro, he filed this lawsuit against Lucky Dragon and defendant Xiufei Zhang, alleging that defendants willfully violated the minimum wage and tip credit provisions of the Fair Labor Standards Act and retained improper "kickbacks."[10]  Arifatmi now moves for summary judgment against Lucky Dragon on the alleged violations of the minimum wage and tip credit provisions of the Act.

## II.    LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069,

---

[9]    R. Doc. 14-2 at 1-2; R. Doc. 11, Exhibit C, at 63 ("I was under the influence of [sic] we're not going to file any taxes on him or anything to help him out . . . to help him out because of school.").

[10]    *See* R. Doc. 1. Arifatmi originally filed his complaint as a "Collective Action Complaint." No other putative plaintiff has opted-in to the suit, however, and Arifatmi's summary judgment arguments are particular to him.  *See generally Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003) ("Under § 216(b), the action does not become a 'collective' action unless other plaintiffs affirmatively opt into the class by giving written and filed consent.").

1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).   All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075.  "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

In nonjury cases, such as this one,[11] where the judge is the ultimate finder of fact, "more lenient standard for summary judgment" is appropriate. *U.S. Fid. & Guar. Co. v. Planters Bank & Trust Co.*, 77 F.3d 863, 865 (5th Cir. 1996).  Specifically, at the summary judgment stage of a bench trial, the judge may have "the limited discretion to decide that the same evidence, presented to him or her as trier of fact in a plenary trial, could not possibly

---

[11]     R. Doc. 24 at 3 ("Trial will commence . . . before the District Judge without a jury.").

lead to a different result." *Id.* at 866.  That is, "if there are no issues of witness credibility, the court may conclude on the basis of the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact, even though decision may depend on inferences to be drawn from what has been incontrovertibly proved." *Id.*  Thus, "if a trial on the merits will not enhance the court's ability to draw inferences and conclusions," then the court should draw those inferences "without resort to the expense of trial." *In re Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir. 1991).


## III.   DISCUSSION

The Fair Labor Standards Act generally provides that an employer shall pay its employees wages "not less than . . . $7.25 an hour."[12]  *See* 29 U.S.C. § 206(a)(1).  For "tipped employees," like restaurant servers,[13] the Act allows the employer to pay wages below the minimum hourly wage of $7.25, so long as the employer supplements the difference with the employees' tips.  *See* 29

---

[12]    Lucky Dragon does not dispute that it is subject to the Act.  *Compare* R. Doc. 11-10 (Plaintiff's Statement of Undisputed Material Facts), *with*, R. Doc. 14-1 (Defendant's Contested Issues of Material Fact).

[13]    A "tipped employee" is "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips."  29 U.S.C. § 203(t).  "There is no dispute that . . . waiters[] are 'tipped employees.'"  *Montano v. Montrose Restaurant Assocs., Inc.*, 800 F.3d 186, 189 (5th Cir. 2015).

U.S.C. § 203(m).  This exception to the general minimum wage requirement is known as the "tip credit."  *See generally Montano v. Montrose Restaurant Assocs., Inc.*, 800 F.3d 186, 188 (5th Cir. 2015).  An employer is eligible for the tip credit, as it applies to a particular employee, only if he informs that employee of the tip credit provision of the Act and allows the employee to retain all of his tips.  *See* 29 U.S.C. § 203(m); *Montano*, 800 F.3d at 188. Even when the tip credit applies, the employer shall not pay his employees an hourly wage less than $2.13.  29 C.F.R. § 531.50.

If an employer violates these minimum wage provisions, he is liable to the wronged employee for "the amount of [the employee's] unpaid minimum wages," as well as "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b); *see also Arriaga v. Fla. Pac. Farms, LLC*, 305 F.3d 1228, 1237 n.11 (11th Cir. 2002) (noting that the employer is required to reimburse an employee only "up to the point that the minimum wage is met").  The employer is generally liable for the unpaid wages due under the Act for the two years preceding suit.  *See* 29 U.S.C. § 255(a) (imposing two-year statute of limitations period).  If the employer willfully violated the Act, however, the employer is liable for the employee's unpaid wages for the three years preceding suit.  *See id.* ("[A] cause of action arising out of a willful violation may be commenced within three years . . . .");  *Saizan v. Delta Concrete*

*Prods. Co., Inc.*, 448 F.3d 795, 801 n.31 (5th Cir. 2006) ("The willfulness of a particular violation determines the duration of time for which compensation is recoverable.").

An employer "willfully" violates the Act when he either knows or "shows reckless disregard for . . . whether [his] conduct was prohibited." *Ikossi-Anastasiou v. Bd. of Supervisors of La. Stat Univ.*, 579 F.3d 546, 552 (5th Cir. 2009) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). "For example, employers act willfully when they know their pay structures violate the FLSA or ignore complaints brought to their attention." *Mohammadi v. Nwabuisi*, 605 F. App'x 329, 332 (5th Cir. 2015) (citing *Ikossi-Anastasiou*, 579 F.3d at 553 & n.24). To prove willfulness, the employee must do more than show that his employer knowingly engaged in conduct that is ultimately deemed to violate the Act. The employee must show that the employer knew (or recklessly disregarded), at the time of engaging in the conduct, that this conduct violated the Act. *See Ikossi-Anastasiou*, 579 F.3d at 553 & n.24 (distinguishing between willful and non-willful violations of the FLSA). An employer's "good faith but incorrect assumption" that he has complied with the Act does not constitute a willful violation. *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 924 (E.D.

La. 2009) (collecting cases).  Even unreasonableness is insufficient to establish that an employer willfully violated the Act.  *Id.*

Here, it is undisputed that Lucky Dragon did not pay Arifatmi the requisite minimum wage.  Indeed, Lucky Dragon admits that it did not pay Arifatmi any wages at all and instead compensated him only in tips.[14]  As a "tipped employee," Arifatmi was entitled to an hourly wage of at least $2.13.  *See* 29 C.F.R. § 531.50.  Lucky Dragon's argument that it did not pay Arifatmi minimum wage because, as a student visa-holder, he "failed to secure the proper work authorization and documentation" is no excuse.[15]  "[I]t is well-established that the protections of the Fair Labor Standards Act are applicable to citizens and aliens alike and whether the alien is documented or undocumented is irrelevant."  *In re Reyes*, 814 F.2d 168, 170 (5th Cir. 1987); *accord Patel v. Quality Inn S.*, 846 F.2d 700, 706 (11th Cir. 1988) ("[U]ndocumented workers are 'employees' within the meaning of the FLSA . . . .").  Lucky Dragon's arguments that Arifatmi agreed to this "practical arrangement" and that Arifatmi ultimately earned more per hour than the statutory minimum wage are legally immaterial as well.  The Act requires an

---

[14]    R. Doc. 14-2 at 1 ("Plaintiff . . . was compensated via tips earnings. . . . The [t]wo dollars and thirteen cents ($2.13)[,] defined as cash wages, was not implemented . . . .").

[15]    *See* R. Doc. 14 at 4.

employer applying the "tip credit" to pay his employees an hourly wage of *at least* $2.13.  *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012) ("Tipped employees must receive a wage equal to the minimum wage, though tips can be counted . . . as long as the employer pays the tipped employee a minimum of $2.13 per hour.").  An employee cannot "abridge[] by contract or otherwise waive[]" his right to a minimum wage from his employer "because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate."  *See Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981) (collecting cases).  Therefore, the Court finds summary judgment warranted on the issue of Lucky's Dragon's liability.

Regarding whether Lucky Dragon's violation was willful, however, the Court finds that Arifatmi has failed to show that there is no genuine dispute of material fact.  Arifatmi argues that Lucky Dragon's willfulness is demonstrated by the restaurant's paying its other servers the federally-mandated $2.13 per hour and by the restaurant's admitting that it compensated Arifatmi in only tips while he was in the United States on a student visa.[16]  This is insufficient.  Though Lucky Dragon has admitted to conduct that violates the Act, Arifatmi has not shown that Lucky Dragon

---

[16]     R. Doc. 11-1 at 9.

knew *at the time* that this conduct was unlawful.  *See Ikossi-Anastasiou v. Bd. of Supervisors of La. Stat Univ.*, 579 F.3d 546, 553 & n.24 (5th Cir. 2009) (distinguishing between employer's knowledge that its pay scale is unfair and knowledge that its pay scale is illegal).

Further, Iva Octavia, co-owner of Lucky Dragon, declares in an affidavit that she thought paying Arifatmi only in tips complied with the Act because Arifatmi had not obtained the proper work authorization from the Government.[17]   As noted, a "good faith but incorrect assumption" of compliance—even an unreasonable one—is insufficient to prove an employer willfully violated the Act.  *See Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 924 (E.D. La. 2009) (collecting cases).  Because resolution of this factual dispute turns on the witness's credibility, summary judgment is not warranted on this point.  *See U.S. Fid. & Guar. Co. v. Planters Bank & Trust Co.*, 77 F.3d 863, 865 (5th Cir. 1996) (allowing the court in a nonjury case to draw inferences from summary judgment evidence so long as "there are no issues of witness credibility").  Because the employer's willfulness "determines the duration of time for which compensation is recoverable,"

---

[17]   R. Doc. 14-2 at 1-2.

summary judgment is also unwarranted on the issue of damages.  *See Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 801 n.31 (5th Cir. 2006).


## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Arifatmi's Motion for Summary Judgment against Defendant Lucky Dragon, LLC d/b/a Geisha Sushi Bistro.


New Orleans, Louisiana, this <u>11th</u> day of April, 2016.


_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE